JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CIV 7486

------------------------------------------------------------------------X

YAW ADDAE,

                                        Plaintiff,

            -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                        Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

        Plaintiff YAW ADDAE, by his attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully alleges as follows:

                        <u>**Preliminary Statement**</u>

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.  Plaintiff also asserts supplemental state law claims.

                                **JURISDICTION**

        2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff also asserts

supplemental state law claims.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

                                **VENUE**

        4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff YAW ADDAE is a twenty-nine year old African American man residing in the Bronx, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On July 24, 2010, at approximately 9:30 p.m., the defendant police officers arrested plaintiff YAW ADDAE at the corner of Gun Hill Road and White Plains Road, Bronx, New York, by placing severely over tight handcuffs on plaintiff's wrists.

13.     Plaintiff immediately complained to the defendants that the handcuffs were tight and causing him pain, and requested that the defendants loosen the cuffs.

14.     Despite plaintiff's request, the defendant officers refused to loosen, examine, or otherwise inspect plaintiff's handcuffs.  Rather, a defendant officer stated in sum and substance: "shut the fuck up, you can never win."

15.     Thereafter, the defendants detained plaintiff at the location for approximately ten minutes, and inside a police vehicle for approximately thirty-five minutes, before transporting plaintiff to a NYPD precinct stationhouse.

16.     After approximately one hour, the defendants removed the over tight handcuffs and imprisoned plaintiff inside a cell in said precinct.

17.     Sometime thereafter, the defendant officers placed over tight handcuffs back on plaintiff's wrists and transported him from the precinct to central booking.  Plaintiff again complained to the defendants that the handcuffs were tight and causing him pain, and requested that the defendants loosen the cuffs.

18.     The defendant officers again refused to loosen, examine, or otherwise inspect plaintiff's handcuffs.

19.     As a result of plaintiff's prolonged and over tight handcuffing by defendants, plaintiff experienced pain and numbness in his hands.

20.     After approximately two weeks of continued pain and numbness in his right wrist,

3

plaintiff sought medical treatment for his wrist on August 4, 2010.

21.     On September 18, 2010, plaintiff was diagnosed with tendonitis and a triangular fibrocartilage tear in his right wrist, injuries for which plaintiff required additional medical treatment.

22.     All of the above occurred while the defendant police officers participated and/or failed to intervene in the illegal conduct described herein.

23.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees and due to discrimination against plaintiff based on his race.

24.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding proper handcuffing procedures.

25.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

26.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

4

supervise them.

27.     As a result of the foregoing, plaintiff YAW ADDAE sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

28.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff YAW ADDAE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.     As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff YAW ADDAE'S constitutional rights.

37.     As a result of the aforementioned conduct of defendants, plaintiff YAW ADDAE was subjected to excessive force and sustained serious physical injuries and emotional distress.

38.     As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     The defendants assaulted and battered plaintiff YAW ADDAE, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed

6

in their presence by other NYPD officers.

41.     As a result of the foregoing, plaintiff YAW ADDAE was deprived of his rights under the Equal Protection Clause of the United States Constitution.

42.     As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants had an affirmative duty to intervene on behalf of plaintiff YAW ADDAE, whose constitutional rights were being violated in their presence by other officers.

45.     The defendants failed to intervene to prevent the unlawful conduct described herein.

46.     As a result of the foregoing, plaintiff YAW ADDAE was subjected to excessive force and he was put in fear of his safety.

47.     As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

50.     As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals, including, without limitation, tight handcuffing, and ignoring individuals' complaints that handcuffs are too tight, or otherwise leaving handcuffs in a tight position to show who's boss or to otherwise punish prisoners.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff YAW ADDAE'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen,

8

train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

54.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff YAW ADDAE.

55.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff YAW ADDAE as alleged herein.

56.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff YAW ADDAE as alleged herein.

57.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff YAW ADDAE was subjected to excessive force and deliberate indifference.

58.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff YAW ADDAE'S constitutional rights.

59.    All of the foregoing acts by defendants deprived plaintiff YAW ADDAE of federally protected rights, including, but not limited to, the right:

        A.    To be free from excessive force;

        B.    To receive equal protection under the law; and

        C.    To be free from the failure to intervene.

60.    As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**Supplemental State Law Claims**

61.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

63.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

64.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

65.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

66.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

67.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.    As a result of the foregoing, plaintiff YAW ADDAE was placed in apprehension

10

of imminent harmful and offensive bodily contact.

69.   As a result of defendant's conduct, plaintiff YAW ADDAE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

70.   As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

71.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.   Defendants made offensive contact with plaintiff YAW ADDAE without privilege or consent.

73.   As a result of defendants' conduct, plaintiff YAW ADDAE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

74.   As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

75.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in

11

paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

77.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

78.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

79.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff YAW ADDAE.

80.    As a result of the aforementioned conduct, plaintiff YAW ADDAE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

81.    As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

82.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff YAW ADDAE.

84. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

85. As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who subjected plaintiff to over tight handcuffs.

88. As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on

13

duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

91.     As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

94.     As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

97.     As a result of the foregoing, plaintiff YAW ADDAE is entitled to compensatory

14

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff YAW ADDAE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       October 21, 2011

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:      _____
         BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff YAW ADDAE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

YAW ADDAE,

                                         Plaintiff,

                                                                   Docket No.

      -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                    Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100